HELEN G. WILSON, Guardian of Margaret Gregg Wilson,

*vs.*

WILMINGTON TRUST COMPANY, Trustee by appointment of the Chancellor of Delaware, under the will of James Wilson, deceased.

*New Castle, May 22, 1925.*

Minor, for whose maintenance and education guardian had about thirty-six hundred dollars in cash or securities available, *held* not in such situation as to require immediate expenditure of income of trust estate in disregard of testator's direction to accumulate income until she became twenty-five years old.

STATEMENT OF THE CASE.    This is a bill by the complainant as guardian for Margaret Gregg Wilson against the defendant as trustee under the will of James Wilson, deceased, seeking a decree upon the trustee directing it to pay to the complainant as guardian the net income of the trust estate in its hands.    The paragraph of the will of James Wilson, upon which the relief sought is based, is as follows:

"I direct that the sum of two thousand dollars ($2,000) be put in trust for my niece Margaret G. Wilson, until her twenty-fifth year, when she shall be paid the principal and accumulated interest thereon, provided however that if she at any time prior to her twenty-fifth birthday becomes crippled or help-less, she shall have each six months the interest on what may then be the amount in trust for her, and at her twenty-fifth birthday receive the residue thereof as provided for above."

The testator was the uncle of Margaret Gregg Wilson, who is now about twelve years of age.    In addition to her interest in the legacy given to her by her uncle, she has a personal estate of about thirty-one hundred dollars, now in the possession of her guardian, a further personal estate of about five hundred dollars coming to her from her father's estate and an undivided interest in certain city real estate of the value to her of about three thousand dollars, subject to the dower interest of her mother and one-half of a mortgage lien amounting to thirteen hundred dollars.

The bill represents that the income from the personal estate in the hands of the guardian is not sufficient to maintain and

educate the ward, and asks that the trustee be directed to pay the current income from the legacy bequeathed to it in trust as aforesaid to the complainant as guardian for the maintenance and education of the ward until she reaches the age of twenty-one years.

The trustee takes the position that its view of the proper construction to be put upon the will of James Wilson is such as to prohibit it from paying the income as requested, but submits itself of course to the decree of the court.

The case was heard on bill, answer and oral testimony of witnesses produced before the Chancellor.

*William F. Kurtz*, for the complainant.

*William S. Hilles*, for the defendant.

THE CHANCELLOR.   This case is dissimilar to the case of *Commonwealth Title Ins. & Trust Co. v. Equitable Trust Co.*, decided by this court and reported *ante p.* 348, not only in the language of its bequest, but in these two important particulars, viz., first, in that case the relation between the testator and the legatee was that of parent and child, whereas here the relationship is that of uncle and niece; and second, in that case the legatee was totally without any means of support other than what the parent had bequeathed, whereas here the legatee has other property which is immediately available for her needs.

It is not necessary for me to turn the decision in this case upon the first consideration, for what follows in the next paragraph is sufficient in itself to dispose of the matter. This, however, is to be said, that very considerable and highly respectable authorities hold that a direction for the accumulation of income will not be diregarded unless the relationship between the testator and the beneficiary is that of parent and child or of persons standing in *loco parentis* towards the legatee.   *Crickett v. Dolby*, 3 *Ves. Jr.* 10;   *Mole v. Mole*, 1 *Dick.* 310;   *Green v. Belchier*, 1 *Atk.* 505; *Harvey v. Harvey*, 2 *P. Wms.* 21;   *Lowndes v. Lowndes*, 15 *Ves. Jr.* 301; *Perry on Trusts, Vol.* 2, *par.* 616 (*6th Ed.*).

The consideration here, however, which is conclusive of the matter is that the minor's situation is not such as to make it necessary, in order to save the beneficiary from ignorance and want, to

disregard the testator's direction that the income be accumulated. No present need is shown, because it appears from the facts that the guardian now has available about thirty-six hundred dollars in cash or securities. If the income from this is not sufficient for the ward's maintenance and education, I entertain no doubt that the Orphans' Court would authorize an encroachment upon the principal. It may be true that it would make no great difference to the minor whether money for her maintenance and support comes out of her present funds or out of the legacy which will eventually come to her from her uncle's estate. That is not the point. It will make a difference in the faithfulness with which the testator's wishes are carried out. Courts have gone far enough in cases of this kind in disregarding the apparent, at least the literal, language of testators who have left behind them instructions concerning the disposition of their property. Finding nothing in the facts here presented which, so far as I am advised, no authority would suggest as warranting the immediate expenditure of the income, it follows that the bill must be dismissed.

In view of the foregoing it is not necessary to discuss the significance of that portion of the bequest which refers to the possibility of the legatee's becoming "crippled or helpless" as the only possibility upon which the testator desired the direction for accumulation to be disregarded.

Let a decree be submitted in accordance herewith.